**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**Tampa Division**

| | | |
|---|---|---|
| FREEDOM SCIENTIFIC, INC., | / | |
| a Delaware Corporation, | / | |
| | / | Case No. 8:14-CV-01229-CEH-AEP |
| | / | |
| Plaintiff, | / | |
| | / | |
| v. | / | |
| | / | |
| ENHANCED VISION SYSTEMS, | / | |
| INC., a California Corporation, | / | |
| | / | |
| Defendant. | / | |
| _____ | / | |

## CASE MANAGEMENT REPORT

1.     <u>Meeting of Parties</u>:  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held on <u>November 5, 2014</u> at <u>11:00 AM</u>  by telephone, and was attended by:

| <u>Name</u> | <u>Counsel for</u> |
|---|---|
| **Kevin Crosby** | **Freedom Scientific, Inc.** |
| **Joseph J. Weissman** | **Enhanced Vision Systems, Inc.** |

2.     <u>Initial Disclosures</u>:

        a.     Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment."

Fed. R. Civ. P.26(a)(1).

The parties (check one)

_____✔_____     have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) or agree to exchange such information on or before **December 5, 2014**.

_____     stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

_____
_____
_____

_____     have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D).  (Identify party or parties) _____ objects to disclosure of such information for the specific reason(s) that:

_____
_____
_____

3.    <u>Discovery Plan - Plaintiff</u>:  The parties jointly propose the following Plaintiff's discovery plan:

a.    <u>Plaintiff's Planned Discovery</u>: A description of every discovery effort Plaintiff plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission</u>:

**Plaintiff intends to serve Requests for Admission in accordance with the Federal Rules of Civil Procedure.**

Number of Requests for Admission:  Parties may seek to limit the number of Plaintiff's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2).  Any such request must be made in accordance with paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories</u>:

**Plaintiff intends to serve Interrogatories in accordance with the Federal Rules of Civil Procedure.**

Number of Interrogatories:   Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party,

at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) Requests for Production or Inspection:

**Plaintiff intends to serve Requests for Production or Inspection in accordance with the Federal Rules of Civil Procedure.**

(4) Oral Depositions:

**Plaintiff intends to take depositions in accordance with the federal Rules of Civil Procedure.**

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiff to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition:    Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| **Name** | **Proposed length of Deposition** | **Grounds** |
|---|---|---|
| | N/A | |

(5) Subpoenas:

**Plaintiff intends to seek discovery from third parties as deemed necessary or desirable.**

b.      Disclosure of Expert Testimony:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Plaintiff's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**Reports as to issues upon which Plaintiff bears burden of proof- August 21, 2015**
**Rebuttal reports - October 23, 2015**

c.    <u>Supplementation of Disclosures and Responses</u>: Parties agree that Plaintiff's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**As provided in the Rules.**

d.    <u>Completion of Discovery</u>:  Plaintiff will commence all discovery in time for fact discovery to be completed on or before **November 6, 2015** and expert discovery to be completed on or before **November 20, 2015.**

4.    <u>Discovery Plan - Defendant</u>: The parties jointly propose the following Defendant's discovery plan:

a.    <u>Defendant's Planned Discovery</u>: A description of every discovery effort Defendant plans to pursue is described below.  The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) <u>Requests for Admission:</u>

**Defendant intends to serve Requests for Admission in accordance with the Federal Rules of Civil Procedure.**

Number of Requests for Admission:  Parties may seek to limit the number of Defendant's requests for admission in accordance with Fed. R. Civ. P. 26(b)(2). Any such request must be made in paragraph 6 below and approved by the court.

(2) <u>Written Interrogatories:</u>

**Defendant intends to serve Interrogatories in accordance with the Federal Rules of Civil Procedure.**

Number of Interrogatories:  Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

(3) <u>Requests for Production or Inspection:</u>

**Defendant intends to serve Requests for Production or Inspection in accordance with the Federal Rules of Civil Procedure.**

(4) Oral Depositions:

**Defendant intends to take depositions in accordance with the Federal Rules of Civil Procedure.**

Number of Depositions:  Local Rule 3.02(b) provides, "[i]n accordance with Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court."  Any request by Defendant to exceed this limit must be made in paragraph 6 below and approved by the court.

Time Permitted for Each Deposition:  Each deposition is limited to one day of seven hours in accordance with Fed. R. Civ. P. 30(d)(2) unless extended by agreement of the parties or order of Court.

The parties stipulate/request a court order to extend the time to take the deposition of the following individuals:

| Name | Proposed length of Deposition | Grounds |
|------|-------------------------------|---------|
| | N/A | |

(5) Subpoenas:

**Defendant intends to seek discovery from third parties as deemed necessary or desirable.**

b.      Disclosure of Expert Testimony:  Parties stipulate, in accordance with Fed. R. Civ. P. 26(a)(2)(C), that Defendant's Fed. R. Civ. P. 26(a)(2) disclosure will be due as noted here:

**Reports as to issues upon which Defendant bears burden of proof- August 21, 2015**
**Rebuttal reports - October 23, 2015**

c.      Supplementation of Disclosures and Responses:   Parties agree that Defendant's supplementation under Fed. R. Civ. P. 26(e) will be provided at the following times:

**As provided in the Rules.**

d.      Completion of Discovery:  Defendant will commence all discovery in time for fact discovery to be completed on or before **November 6, 2015** and expert discovery to be completed on or before **November 20, 2015.**

5.      Joint Discovery Plan - Other Matters: Parties agree on the following other matters relating to discovery (*e.g.*, handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues):

**The parties agree that a protective order governing the dissemination of confidential information disclosed in this action is necessary in this case.**

Disagreement or Unresolved Issues Concerning Discovery Matters:   Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates.

**There are no issues concerning discovery upon which the parties are unable to agree as of the filing of this report.**

6.      Third Party Claims, Joinder of Parties, Potentially Dispositive Motions:   Parties agree that the final date for filing motions for leave to file third party claims and motions to join parties should be made (in accordance with M.D.L.R. 4.03) on or before **March 2, 2015**, and that motions for summary judgment and all other potentially dispositive motions should be filed on or before **December 4, 2015**.

7.      Settlement and Alternative Dispute Resolution: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution:

Parties agree that settlement is
___ likely              (check one)
_✔_ unlikely.

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b).
_____yes         _✔_no         _____likely to agree in future.

If binding arbitration is not agreed to, the court may order non-binding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or both.

The Parties acknowledge the requirement for mediation if they are unable to resolve this matter on their own and agree to mediate this matter during the discovery period or by any deadline set by the Court.

8.      Consent to Magistrate Judge Jurisdiction:   The parties agree to consent to the jurisdiction of the United States Magistrate Judge for final disposition, including trial.  See 28 U.S.C. ' 636.  Should parties agree to proceed before the Magistrate Judge the attached form must be completed and filed with the case management report.

____yes         _✔_no         _____likely to agree in future.

9.      Preliminary Pretrial Conference:

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that preliminary pretrial conferences are mandatory in Track Three Cases.

Track Two Cases:  Parties
___request    (check one)
✔    do not request
a preliminary pretrial conference before entry of a Case Management and Scheduling Order in this Track Two case.  Unresolved issues to be addressed at such a conference include:

      10.    <u>Final Pretrial Conference and Trial</u>:  Parties agree that they will be ready for a final pretrial conference on or after **March 7, 2016** and for trial on or after **April 11, 2016**.  This **Jury** ✔ Non-Jury ___ trial is expected to take approximately _____ hours.

      11.    <u>Pretrial Disclosures and Final Pretrial Procedures</u>:  Parties acknowledge that they are aware of and will comply with the pretrial disclosure requirements in Fed. R. Civ. P. 26(a)(3) and the final pretrial procedure requirements in Local Rule 3.06.

      12.    <u>Other Matters</u>:  None.


Date: November 7, 2014

<u>/s/ Kevin Crosby</u>
Kevin P. Crosby
Florida Bar No. 654360
GrayRobinson, P.A.
401 E. Las Olas Blvd., Suite 1000
Ft. Lauderdale, FL 33301
(954) 761-8111
(954) 761-8112 (facsimile)
kevin.crosby@gray-robinson.com
-and-
Kristin Shusko
Florida Bar No. 085400
GrayRobinson, P.A.
401 E. Jackson Street, Suite 2700
Tampa, FL 33602
(813) 273-5000
  (813) 273-5145 (facsimile)
  kristin.shusko@gray-robinson.com
*Attorneys for Plaintiff*

<u>/s/ Joseph Weissman</u>
Joseph Weissman
Florida Bar No. 0041424
Frank Jakes
Florida Bar No.: 372226
Johnson, Pope, Bokor, Ruppel & Burns, LLP
403 E. Madison Street, 4th Floor
Tampa, FL 33602
(813) 225-2500
(813) 223-7118 (facsimile)
frankj@ipfirm.com
josephw@ipfirm.com
*Attorneys for Defendant*

:

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2014 a true and correct copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Kevin P. Crosby*

Kevin P. Crosby