UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREEDOM SCIENTIFIC, INC.,

    Plaintiff,

v.                                                                        Case No: 8:14-CV-1229-36AEP

ENHANCED VISION SYSTEMS, INC.,

    Defendant.
_____/

# **ORDER**

This cause comes before the Court upon the Defendant's Motion for Summary Judgment (Doc. 20), Plaintiff's response thereto (Doc. 34), and Defendant's reply (Doc. 44). Upon due consideration of the parties' submissions, including declarations and attached exhibits and memoranda of counsel, for the reasons that follow, Defendant's Motion for Summary Judgment (Doc. 29) will be granted.

**I.    STATEMENT OF UNDISPUTED MATERIAL FACTS[1]**

1. This patent infringement case concerns United States Patent No. 8,264,598 (Doc. 1-1) (hereinafter "the '598 patent"), which is entitled "Multiposition Handheld Electronic Magnifier." *See* Doc. 1-1.

2. The only count in Plaintiff's Amended Complaint is one for patent infringement of the '598 Patent. Doc. 20 at p. 6; Doc. 34 at p. 4; Doc. 45.

3. Therein, Plaintiff alleges that Defendant's PEBBLE® HD ("the Accused Product") portable electronic reader infringes the '598 Patent. Doc. 20 at p. 6; Doc. 34 at p. 4.

---

[1] The Court presents the facts in the light most favorable to the non-moving party based on the parties' submissions, affidavits, and deposition testimony, as required by Fed. R. Civ. P. 56.

4. Plaintiff alleges that Defendant infringes "one or more claims of the '598 Patent by, *inter alia,* having made, used, sold, or offered for sale a line of products known as the Pebble HD." Doc. 20 at p. 6; Doc. 34 at p. 4.

5. The '598 Patent has only 7 claims, of which only Claims 1 and 2 are independent. Doc. 20 at p. 6; Doc. 34 at p. 4.

6. Claims 3-7 of the '598 Patent each depend directly on Claim 2. Doc. 20 at p. 6; Doc. 34 at p. 4.

7. This Court has previously held a claim construction hearing and issued a claim construction order which provides that: (a) The term "light guide(s)" is given its ordinary meaning (device for steadying or directing the motion of light), but cannot be the same as "angled surface(s)"; and (b) The term "angled surface(s)" is given its ordinary meaning, but cannot be the same as "light guide(s)." *See* Doc. 74.

## II. LEGAL STANDARD

Summary judgment is appropriate only when the court is satisfied that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law" after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits. *See* Fed. R. Civ. P. 56(a). Issues of fact are genuine only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. *Id.* The moving party bears the initial burden of stating the basis for its motion and identifying those portions of the record demonstrating the absence of genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir.

2004). That burden can be discharged if the moving party can show the court that there is "an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325.

**III.   DISCUSSION**

Plaintiff brings a single-count complaint alleging patent infringement. Defendant has also filed a counterclaim seeking a declaration of non-infringement regarding all seven claims. Plaintiff has conceded that Claim one is not infringed by the Accused Product, leaving only Claims two through seven to be analyzed.

"Patent infringement actions are composed of two phases." *Alps S., LLC v. Ohio Willow Wood Co.*, No. 8:08-cv-1893-T-33MAP, 2010 WL 2347046, at *1 (M.D. Fla. May 19, 2010) *report and recommendation adopted,* No. 8:08-cv-1893-T-33MAP, 2010 WL 2293274 (M.D. Fla. June 7, 2010). "First, in the claim construction phase, the court determines the scope and meaning of the patent claims as a matter of law, and second, the claims are compared to the allegedly infringing device." *Id.* (citing *Cybor Corp. v. FAS Techs., Inc.,* 138 F.3d 1448, 1454 (Fed. Cir. 1998)). Here, the Court has completed the claim construction phase, holding that (a) the term "light guide(s)" is given its ordinary meaning (device for steadying or directing the motion of light), but cannot be the same as "angled surface(s)"; and (b) the term "angled surface(s)" is given its ordinary meaning, but cannot be the same as "light guide(s)." *See* Doc. 74. Thus, the Court must now compare the claims to the allegedly infringing device. To prove infringement of a patent claim, Plaintiff must show that the Accused Product includes "all limitations of the claim either literally or by the D[octrine] O[f] E[quivalents]." *Amgen Inc. v. F. Hoffmann-La Roche, Ltd.,* 580 F.3d 1340, 1374 (Fed. Cir. 2009).

Plaintiff alleges infringement of Claims two through seven of the '598 Patent. Doc. 45 ¶ 7. Claims three through seven are dependent on claim two in the '598 Patent.[2] Doc. 20 at p. 6; Doc. 34 at p. 4. Defendant argues that the Accused Product cannot infringe Claim 2 because it does not include a light guide. Doc. 20 at p. 21. Plaintiff, on the other hand, claims that the Accused Product does in fact include a light guide. Doc. 34 at p. 16. Specifically, Plaintiff claims that the Accused Product has two light guides "formed in the handle by the narrow end of each curved surface . . . . These light guides taper away from the LEDs to guide light toward the lower portions of the curved surfaces, which widen out to form the angled surfaces recited in claim 7 of the '598 Patent." Doc. 34-1 at pp. 8-9. These alleged light guides are white in color. *Id*. at p. 8.

As discussed in this Court's Claim Construction Order, the light guides described in the '598 Patent must be transparent. *See* Doc. 74 at p. 5. Thus, while these white angled surfaces in the Accused Product may in some sense or circumstances "guide light" by reflecting it, they are not "light guides" as defined by the '598 Patent. As determined by the Court in its Claim Construction Order, light guides and angled surfaces cannot be the same thing for purposes of this patent. The portion of the Accused Product described as a "light guide" by Plaintiff actually appears to be an "angled surface." There is no dispute that, in order to infringe on any one of Claims two through seven, the Accused Product must contain a light guide as defined in the '598 Patent. Here, the Accused Product does not include a light guide. Therefore, Claim two is not infringed by the Accused Product. If Claim two is not infringed, Claims three through seven cannot be infringed either, because they each depend on Claim two. The Accused Product does not fall

---

[2] It is undisputed that if an independent claim is not infringed, dependent claims are also not infringed because a dependent claim is construed to incorporate by reference all the limitations of the claim to which it refers. *London v. Carson Pyre Scott & Co.,* 946 F.2d 1534, 1539 (Fed. Cir. 1991).

within the scope of Claims two through seven of the '598 Patent. As no genuine issues of material fact exist, Defendant is entitled to a judgment of non-infringement in its favor, as a matter of law.

Accordingly, it is hereby

**ORDERED AND ADJUDGED that:**

1. Defendant's Motion for Summary Judgment (Doc. 20) is **GRANTED**.

2. Defendant Enhanced Vision Systems, Inc.'s Accused Product, Pebble HD, does not infringe any claim of United States Patent No. 8,264,598.

3. The Clerk is directed to enter judgment in favor of Defendant and against Plaintiff as to the claim brought by Plaintiff and as to the counterclaim brought by Defendant.

4. The Clerk is directed to terminate all pending motions and deadlines and close the file.

**DONE AND ORDERED** in Tampa, Florida on August 25, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any