UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREEDOM SCIENTIFIC, INC.,

      Plaintiff,

v.                                                                          Case No: 8:14-cv-1229-T-36JSS

ENHANCED VISION SYSTEMS, INC.,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Defendant's Motion for Attorneys' Fees. (Dkt. 83.)
Defendant asserts that this case is exceptional under 35 U.S.C. § 285 and moves for an award of
attorneys' fees as the prevailing party in this case. Plaintiff opposes the motion. (Dkt. 89). Upon
consideration, the Court recommends that Defendant's Motion for Attorney's Fees be denied.

## BACKGROUND

On May 23, 2014, Plaintiff, Freedom Scientific, Inc., filed a one-count complaint against
Defendant, Enhanced Vision Systems, Inc., for patent infringement, alleging that Defendant's
PEBBLE® HD portable electronic magnifier infringed one or more of the seven claims in
Plaintiff's patent, U.S. Patent No. 8,264,598. (Dkt. 1.) In response, Defendant filed a counterclaim
against Plaintiff seeking a declaration of non-infringement regarding all seven claims. (Dkt. 15.)

Plaintiff's patent, titled "Multiposition Handheld Electronic Magnifier," is a handheld
electronic magnifier for low-vision users that uses a camera to display enlarged images on a screen
for easy viewing. (Dkt. 1-1.) Plaintiff's patent consists of seven claims, which define the scope
of the protection afforded by the patent. (Dkt. 1-1.) 35 U.S.C. § 112(b). Of those seven claims,
only Claim 1 and Claim 2 are independent in that they stand alone and do not reference any other

claim.  (Dkt. 1-1.)  Claims 3, 4, 5, 6, and 7, however, are dependent on Claim 2 in that they each reference Claim 2 and specify a further limitation of the subject matter claimed in Claim 2.  (Dkt. 1-1.)  *See* 35 U.S.C. § 112(d).

On October 31, 2014, Defendant moved for summary judgment on all seven claims of the patent.  (Dkt. 20).  Shortly thereafter, Plaintiff withdrew its allegation of infringement as to Claim 1 by filing an Amended Complaint, which alleged infringement of only Claims 2 through 7.  (Dkt. 45.)  District Judge Charlene E. Honeywell held a claims construction hearing on May 18, 2015, and issued a Claims Construction Order on July 10, 2015.  (Dkts. 67, 74.)  A month later, on August 25, 2015, the Court granted Defendant's Motion for Summary Judgment, finding that Claim 2 was not infringed by Defendant's product.  (Dkt. 81.)  Because Claims 3 through 7 each depended on Claim 2, the Court found that Claims 3 through 7 could not be infringed.  (Dkt. 81.)  Judgment was entered in favor of Defendant and against Plaintiff on August 26, 2015.  (Dkt. 82.)  Subsequently, Defendant filed the instant Motion for Attorneys' Fees as the prevailing party in this case pursuant to the Court's entry of final summary judgment in its favor.  (Dkt. 83.)

## APPLICABLE STANDARDS

Under Section 285 of the Patent Act, a court may award reasonable attorneys' fees to the prevailing party in "exceptional cases."   35 U.S.C. § 285.   In evaluating whether to award attorneys' fees under this statute, the court employs the following process: (1) determine whether the party seeking attorney's fees is the prevailing party; (2) determine whether the case is exceptional within the meaning of 35 U.S.C. § 285; and (3) determine whether an award of attorney's fees is warranted and, if so, the amount of the award.  *Forest Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1327–28 (Fed. Cir. 2003).  The amount of the attorney's fees awarded depends on

the extent to which the case is exceptional.  *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1344 (Fed. Cir. 2001).

An exceptional case under 35 U.S.C. § 285 "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014).  The determination of whether a case is exceptional is not subject to a precise rule or formula; rather, it is a case-by-case determination based on consideration of the totality of the circumstances.  *Id.*  A party must prove its entitlement to fees under Section 285 by a preponderance of the evidence.  *Id.* at 1758.

## ANALYSIS

To determine Defendant's entitlement to attorney's fees, the Court must determine whether Defendant is the prevailing party and whether the case is exceptional within the meaning of 35 U.S.C. § 285.  If Defendant satisfies those requirements, then the Court must determine whether fees are warranted.

## A.      Entitlement to Attorney's Fees

In determining whether to award attorney's fees in a patent case, a court must first determine whether the party seeking fees is a prevailing party.  *Gentry Gallery, Inc. v. Berkline Corp.*, 134 F.3d 1473, 1480 (Fed. Cir. 1998).  A party is deemed a prevailing party when it has been awarded some relief by the court, either through a judgment on the merits or through a settlement agreement enforced through a consent decree (i.e., a court-ordered consent decree). *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604–05 (2001).  The crux of this analysis is whether there is a judicially sanctioned change in the legal relationship of the parties.  *Id.*

In this case, the Court granted Defendant's Motion for Summary Judgment, finding that Defendant's accused product did not infringe any claim of Plaintiff's patent. (Dkt. 81.)  The Court then directed that judgment be entered in favor of Defendant and against Plaintiff as to the claim brought by Plaintiff and as to the counterclaim brought by Defendant.  (Dkt. 81.)  Judgment was entered in favor of Defendant and against Plaintiff on August 26, 2015.  (Dkt. 82.)  Therefore, as the judgment constitutes a judgment on the merits, Defendant is the prevailing party in this case. *See Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995) (finding that the defendants were the prevailing party when the district court rendered a judgment in the defendants' favor by granting their motion for summary judgment on the plaintiff's federal claims).

**B.      Exceptionality of the Case**

Having found that Defendant is the prevailing party, the Court must now determine whether this case is exceptional within the meaning of 35 U.S.C. § 285.  Defendant contends that this case is exceptional for the following reasons: (1) Plaintiff's infringement position was objectively unreasonable or weak in that Plaintiff failed to conduct a proper pre-suit investigation of its claims and maintained a position that forced the litigation of unnecessary issues; and (2) Plaintiff's motivation for filing this lawsuit was to burden Defendant.  (Dkt. 83.)  In response, Plaintiff argues that it had a reasonable basis in pursuing its claim and that Defendant fails to show that Plaintiff did not conduct an appropriate pre-suit investigation or that Plaintiff engaged in misconduct throughout the litigation.  (Dkt. 89.)

**1.   Pre-Suit Investigation**

Defendant contends that this case is exceptional because Plaintiff failed to investigate its claim by failing to compare Defendant's product to Plaintiff's patent before initiating its lawsuit. In patent infringement actions, an attorney must, "at a minimum, . . . interpret the asserted patent

claims and compare the accused device with those claims before filing a claim alleging infringement." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300–01 (Fed. Cir. 2004) (interpreting the application of Federal Rule of Civil Procedure 11, which requires a reasonable pre-filing inquiry, in patent cases).   In support of its contention, Defendant states that Plaintiff requested a copy of Defendant's product just days before Plaintiff's opposition to Defendant's Motion for Summary Judgment was due, thus indicating that Plaintiff did not have Defendant's product in its possession prior to the request.   However, Defendant provides no evidence to show that Plaintiff requested a copy of Defendant's product because it did not already have one in its possession or that Plaintiff's request was in any way related to Plaintiff's investigative efforts. Without such evidence, the Court is persuaded by Plaintiff's assertion that it requested the product because it was entitled to obtain any such evidence filed with the court, as Defendant filed its product with the Court shortly after moving for summary judgment.  (Dkt. 27.)  *See* Fed. R. Civ. P. 5(a) (requiring that each party be served a copy of every paper or document filed with the court).

Upon review of the record, the Court finds no indication that Plaintiff failed to investigate its claims in a less than meaningful manner.   In response to Defendant's Motion for Attorney's Fees, Plaintiff attaches the declaration of patent attorney Michael J. Colitz, who states that he conducted an infringement study of Defendant's product before Plaintiff filed the instant lawsuit. Specifically, Mr. Colitz states that he studied photographs and descriptions of Defendant's product, reviewed the file history of Plaintiff's patent, physically inspected the product, and prepared a claim chart comparing Plaintiff's patent to Defendant's product.  (Dkt. 89-1.)  Based on this, and the lack of evidence indicating otherwise, the Court cannot conclude that Plaintiff's pre-suit investigation was inadequate.   Nonetheless, the failure to perform an adequate investigation prior to filing the complaint does not mandate a finding that a case is exceptional. *Epcon Gas Sys., Inc.*

*v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1035 (Fed. Cir. 2002).   Therefore, a finding of exceptionality on this basis is unwarranted.

Defendant further states that Plaintiff's Complaint indicates Plaintiff's failure to conduct a pre-suit investigation because the main allegation of infringement is alleged "upon information and belief."   Specifically, the Complaint states: "Upon information and belief, Defendant has infringed one or more claims of the '598 Patent."  (Dkts. 1, 45.)  To adopt this argument, however, would contravene the well-established pleading standard, which provides that a patentee need only plead facts sufficient to place the alleged infringer on notice.   *Phonometrics, Inc. v. Hosp. Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).   Contrary to Defendant's assertions, a complaint need not set forth detailed factual allegations.   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Indeed, "every complaint is a good faith representation to the court that, 'to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,' there is evidentiary support for the allegations contained therein."   *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 684 (11th Cir. 2001) (quoting Fed. R. Civ. P. 11(b)).   Therefore, the Court declines to infer a failure to investigate based on the manner in which Plaintiff drafted its Complaint.

### 2.   Reasonableness of Infringement Position

Defendant next argues that this case is exceptional because Plaintiff's position regarding Claim 1 was unreasonable.  In determining whether a case is exceptional, the court must consider the substantive strength of a party's litigating position or the unreasonable manner in which a case was litigated.   *Octane*, 134 S. Ct. at 1756.  As such, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award."   *Id.* at 1757.  To be objectively baseless, the infringement allegations must be such

that no reasonable litigant could reasonably expect success on the merits.  *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008).  However, "[d]efeat of a litigation position, even on summary judgment, does not warrant an automatic finding that the suit was objectively baseless."  *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305, 1315 (Fed. Cir. 2010).  Rather, all of the circumstances must be considered.  *Id.*

At the inception of this case, Plaintiff alleged infringement of all seven claims of its patent. (Dkt. 1.)  Thereafter, Plaintiff withdrew its allegation of infringement as to Claim 1 by filing an Amended Complaint including allegations of infringement as to only Claims 2 through 7.  (Dkt. 45.)  At this point, however, Defendant had already filed its Motion for Summary Judgment, which addressed the initial allegations of infringement as to all seven claims.  (Dkt. 20.)  Although Defendant was convinced that Plaintiff's removal of Claim 1 was strategic and prejudicial, the Court disagreed and found that "[e]ven if Plaintiff's strategic decision to amend its complaint is motivated by a desire to eliminate Claim 1 from the Court's purview, such a strategic decision is not evidence of bad faith [and] . . . would not create undue prejudice given that Defendant has already filed a counter-claim that puts all Claims in the '598 Patent at issue."  (Dkt. 41.) Nonetheless, Defendant contends that Plaintiff's position of infringement regarding Claim 1 forced unnecessary litigation of a claim that was ultimately withdrawn.

In light of the withdrawal of Claim 1, the only disputed issue before the Court was whether Defendant's product included a light guide as defined in Plaintiff's patent.  (Dkts. 1-1, 20.)  At the *Markman* hearing in May 2015, the parties agreed that "light guides" and "angled surfaces" are not the same.  (Dkts. 67, 74.)  At the end of the claim construction phase, the Court gave both terms their ordinary meaning and held that the terms were not synonymous with one another.  (Dkt. 74.)  In granting Defendant's Motion for Summary Judgment, the Court found that Defendant's

product did not include a light guide; rather, the portion of Defendant's product described as a light guide appeared to be an angled surface. (Dkt. 81.) *See London v. Carson Pirie Scott & Co.*, 946 F.2d 1534, 1539 (Fed. Cir. 1991) ("There can be no infringement as a matter of law if a claim limitation is totally missing from the accused device."). Therefore, the Court found that Claim 2 was not infringed by Defendant's product, and because Claims 3 through 7 each depend on Claim 2, the Court found that Claims 3 through 7 could not be infringed. (Dkt. 81.) *See* 35 U.S.C. § 112(d) (stating that a dependent claim "shall be construed to incorporate by reference all the limitations of the claim to which it refers").

Although the parties offered differing interpretations of the patent's claim language and Plaintiff ultimately did not prevail on its claim, the Court does not find that Plaintiff presented exceptionally meritless claims sufficient to warrant attorney's fees in this case. In regard to litigation misconduct arising from a party's litigation strategies, the mere fact that an issue is pleaded and then dropped before trial does not in itself establish vexatious litigation. *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989); *see also Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 959 (Fed. Cir. 2010) ("A decision by a party to narrow its case for presentation to a jury does not generally suggest manipulation of the litigation process."). Further, an adverse claim construction cannot, standing alone, form the basis for an exceptional case finding. *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1328 (Fed. Cir. 2013). Even so, a party is free to alter its litigation strategy after receiving an unfavorable claim construction. *See Lava Trading, Inc. v. Sonic Trading Mgmt., LLC*, 445 F.3d 1348, 1353 (Fed. Cir. 2006).

Here, Plaintiff withdrew its allegation as to Claim 1 less than two months after Defendant filed its Motion for Summary Judgment, one month after filing its response in opposition to the

Motion for Summary Judgment (which stated that Plaintiff was no longer alleging infringement of Claim 1), and well before the Court's claim construction hearing and order.  (Dkt. 45.)  Although Plaintiff maintained its position regarding Claim 1 until its withdrawal of the claim, there is not sufficient basis to conclude that Plaintiff maintained an exceptionally weak position in the litigation or that its position was unreasonable merely because it chose to withdraw one of its claims.  *See NXP B.V. v. Blackberry, Ltd.*, 58 F. Supp. 3d 1313, 1319 (M.D. Fla. 2014) (finding that the plaintiff's withdrawal of its patent claims during the course of discovery, and prior to filing its amended complaint, was not unreasonable and did not weigh in favor of an exceptional case finding).

Further, although Plaintiff did not ultimately prevail on its claim, a "party's position on issues of law ultimately need not be correct for them to not stand out or be found reasonable." *SFA Sys., LLC v. Newegg Inc.*, 793 F.3d 1344, 1348 (Fed. Cir. 2015).  In the same vein, a party's interpretation of its claim—and claim language—need not be correct to be reasonable, as "it is not unusual for parties to offer competing definitions of even the simplest claim language."  *Q-Pharma, Inc.*, 360 F.3d at 1301.  After consideration of the totality of the circumstances, the Court finds that Plaintiff had a reasonable theory of infringement, and its prosecution of this action was not objectively baseless or in bad faith.  *See Biax Corp. v. Nvidia Corp.*, No. 2013-1649, 2015 WL 755940, at *4 (Fed. Cir. Feb. 24, 2015) (finding no basis for an award of attorney's fees when there was nothing unreasonable about the plaintiff's infringement position).

### 3.  Motivation for Filing Lawsuit

Defendant also argues that this case is exceptional because Plaintiff's motivation for bringing this lawsuit was to burden Defendant.  In support of this contention, Defendant references Plaintiff's 2011 patent infringement lawsuit against Defendant, which is currently stayed pending

the U.S. Patent and Trademark Office's completion of re-examination proceedings. *Freedom Sci., Inc. v. Enhanced Vision Sys., Inc.*, No. 8:11-cv-01194-CEH-AEP (M.D. Fla. July 9, 2014). Defendant contends that the filing of the instant lawsuit demonstrates Plaintiff's intent to burden Defendant with patent litigation, considering that Plaintiff waited to serve its Complaint on Defendant in this lawsuit until after the Court stayed the prior suit. The Court finds this argument unpersuasive. While a litigant's prior litigation history and litigation misconduct are relevant to the court's determination of whether a case is exceptional, the party requesting fees on this basis must provide evidence of an abusive pattern of litigation. *SFA Sys., LLC*, 793 F.3d at 1351–52. Further, the mere existence of other lawsuits does not mandate negative inferences about the merits or purpose of a subsequent lawsuit. *Id.* Here, Defendant fails to proffer sufficient evidence other than the existence of Plaintiff's prior lawsuit against Defendant to suggest bad-faith motivations in pursuing this lawsuit. Nor is there any indication that Plaintiff's prior lawsuit, which alleged infringement of an entirely different patent, was itself ill-motivated or frivolous.

## CONCLUSION

Upon consideration of the totality of the circumstances, the Court finds that this case is not an exceptional case under 35 U.S.C. § 285 and recommends a finding that attorney's fees are not warranted in this case. Accordingly, it is

**RECOMMENDED** that Defendant's Motion for Attorneys' Fees (Dkt. 83) be **DENIED**.

**IT IS SO REPORTED** in Tampa, Florida on January 26, 2016.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Charlene E. Honeywell
Counsel of Record