UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREEDOM SCIENTIFIC, INC.,

    Plaintiff,

v.                                               Case No: 8:14-cv-1229-T-36JSS

ENHANCED VISION SYSTEMS, INC.,

    Defendant.
_____/

**O R D E R**

This cause comes before the Court upon the Report and Recommendation filed by Magistrate Judge Julie S. Sneed on January 26, 2016 (Doc. 96). In the Report and Recommendation ("R&R"), Magistrate Judge Sneed recommends that Defendant's Motion for Attorney's Fees (Doc. 83) be denied. All parties were furnished copies of the Report and Recommendation and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Defendant filed an objection on February 10, 2016 (Doc. 97) and Plaintiff responded to that objection on February 24, 2016 (Doc. 98). Upon consideration of the Report and Recommendation, and upon this Court's independent examination of the file, it is determined that the Report and Recommendation should be adopted.

*I.*     ***BACKGROUND***

On May 23, 2014, Plaintiff, Freedom Scientific, Inc., filed a one-count complaint against Defendant, Enhanced Vision Systems, Inc., for patent infringement, alleging that Defendant's PEBBLE® HD portable electronic magnifier infringed one or more of the seven claims in Plaintiff's patent, U.S. Patent No. 8,264,598. *See* Doc. 1. In response, Defendant filed a counterclaim against Plaintiff seeking a declaration of non-infringement regarding all seven claims. *See* Doc. 15.

Plaintiff's patent, titled "Multiposition Handheld Electronic Magnifier," is a handheld electronic magnifier for low-vision users that uses a camera to display enlarged images on a screen for easy viewing. *See* Doc. 1-1. Plaintiff's patent consists of seven claims, which define the scope of the protection afforded by the patent. *See* 35 U.S.C. § 112(b). Of those seven claims, only Claim 1 and Claim 2 are independent in that they stand alone and do not reference any other claim. *See* Doc. 1-1. Claims 3, 4, 5, 6, and 7, however, are dependent on Claim 2 in that they each reference Claim 2 and specify a further limitation of the subject matter claimed in Claim 2. *See* 35 U.S.C. § 112(d).

Defendant states that there is no evidence that Plaintiff ever received a legal opinion that Enhanced Vision's product infringed Claim 1 or dependent Claims 3-7. *See* Doc. 95 at p. 2. Nevertheless, on October 1, 2014, litigation counsel for Plaintiff wrote counsel for Defendant in relevant part as follows: "[T]he patent only contains 7 claims, all of which are clearly infringed." *See* Doc. 83 at p. 2. Based on this statement from Plaintiff, Defendant moved for summary judgment on all seven claims in the Patent-in-Suit on October 31, 2014.

Despite withdrawing its allegation of infringement with respect to Claim 1, Plaintiff made clear to Defendant that "[i]t is still [Plaintiff's] position that [Enhanced Vision's] Pebble HD infringes [C]laim 1 of the '598 Patent. … [Plaintiff] is not willing to grant [Defendant] a covenant not to sue under [C]laim 1 … and, as I have said, [C]laim 1 is infringed in any event." *See* Doc. 83 at p. 4. In its November 26, 2014 motion to amend the complaint to remove allegations of infringement of Claim 1, Plaintiff asserted: "Plaintiff maintains a good faith belief that Defendant has infringed [C]laim 1 of the '598 Patent." Plaintiff stated further that Enhanced Vision's Pebble HD product "'clearly' infringes all claims of the '598 Patent." *See* Doc. 83 at p. 4. As a result of these statements, and despite the fact that Plaintiff had withdrawn its allegation of infringement of Claim 1 in this action, an actual controversy remained between the parties regarding Claim 1.

Defendant states that it remained in fear that Plaintiff might again sue Enhanced Vision for alleged infringement of Claim 1 and, accordingly, maintained and prosecuted its counterclaim regarding non-infringement of Claim 1 and the Court was forced to rule on this issue. Despite its prior statements, Plaintiff conceded months later without explanation at the May 18, 2015 claim construction hearing that Enhanced Vision's Pebble HD product did not in fact infringe Claim 1.

On August 25, 2015, the Court granted Defendant's Motion for Summary Judgment, finding that Claim 2 was not infringed by Defendant's product. *See* Doc. 81. Because Claims 3 through 7 each depended on Claim 2, the Court found that Claims 3 through 7 could not be infringed. *See* Doc. 81. Judgment was entered in favor of Defendant and against Plaintiff on August 26, 2015. *See* Doc. 82. Subsequently, Defendant filed a Motion for Attorneys' Fees (Doc. 83) as the prevailing party in this case pursuant to the Court's entry of final summary judgment in its favor.

## II. LEGAL STANDARDS

### a. Review of a Report and Recommendation

Federal Rule of Civil Procedure 72(b)(2), in pertinent part, provides that "a party may serve and file specific written objections to the proposed findings and recommendations" of a magistrate judge. When a party makes a timely and specific objection to a Report and Recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. v. State Bd. of Educ. of State of Georgia*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge may accept, reject, or modify, in whole or in part, the Report and Recommendation of the magistrate judge. Fed. R. Civ. P. 72(b)(3). The district judge may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id*.

### b. Attorneys' Fees Under the Patent Act

Under Section 285 of the Patent Act, a court may award reasonable attorneys' fees to the prevailing party in "exceptional cases." 35 U.S.C. § 285. In evaluating whether to award attorneys' fees under this statute, the court employs the following process: (1) determine whether the party seeking attorney's fees is the prevailing party; (2) determine whether the case is exceptional within the meaning of 35 U.S.C. § 285; and (3) determine whether an award of attorney's fees is warranted and, if so, the amount of the award. *Forest Labs., Inc. v. Abbott Labs.,* 339 F.3d 1324, 1327–28 (Fed. Cir. 2003). The amount of the attorney's fees awarded depends on the extent to which the case is exceptional. *Special Devices, Inc. v. OEA, Inc.,* 269 F.3d 1340, 1344 (Fed. Cir. 2001). An exceptional case under 35 U.S.C. § 285 "is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct. 1749, 1756 (2014). The determination of whether a case is exceptional is not subject to a precise rule or formula; rather, it is a case-by-case determination based on consideration of the totality of the circumstances. *Id.* A party must prove its entitlement to fees under Section 285 by a preponderance of the evidence. *Id.* at 1758.

The Supreme Court held that to evaluate whether a case is "exceptional" under the Patent Act, a court may consider a number of equitable factors including, but not limited to, "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence," *Octane Fitness*, 134 S. Ct. at 1756 n.6 (quotation marks and citation omitted). *See Georgia-Pacific Consumer Prods. LP v. von Drehle Corp.*, 781 F.3d 710, 721 (4th Cir. 2015); *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 314-15 (3d Cir. 2014); *High Tech Pet Prods.*,

*Inc. v. Shenzhen Jianfeng Elec. Pet Prod. Co., Ltd.*, Case No. 14-cv-759, 2015 WL 926023, at *1-2 (M.D. Fla. Mar. 4, 2015).

Nevertheless, after considering the totality of the circumstances, the Court finds that this case is not exceptional. *First*, although the Court ultimately found against Plaintiff, it was not objectively unreasonable or frivolous for Plaintiff to pursue its claims in this action. *See Gray v. Novell, Inc.*, Case No. 06-cv-1950, 2010 WL 2593608, at *4 (M.D. Fla. Feb. 22, 2010) (finding that "[the defendant] has not shown that this is an exceptional case" because "the basis of the plaintiff's Lanham Act claims . . . has not been shown to be groundless"). *Second*, although the conduct of Plaintiffs and Plaintiffs' counsel in this litigation left much to be desired, it was not so unreasonable as to warrant a finding of exceptionality. In sum, after considering the totality of the circumstances, the Court concludes that Defendant is not entitled to attorneys' fees pursuant to Section 285.

### III. *Defendant's Objections*

First, Defendant objects to the chronology presented by Judge Sneed in the R&R because it "omits facts that show that Plaintiff's conduct with respect to Claim 1 was objectively unreasonable." Doc. 97 at p. 2. This objection is not material to the ultimate decision here. Simply because these details were not mentioned in the one-paragraph chronology does not mean that the facts were not considered by the Magistrate Judge. In any event, the Court assures Defendant that all of those facts have been considered by this Court here and, for good measure, the Court has recited them in its Background discussion above.

Second, Defendant "objects to the characterization and analysis of its two main contentions as to why this case is exceptional as stated in Section B of the R&R on page 4." Doc. 97 at p. 4. Defendant contends, in its fee motion and objection, that Plaintiff's position regarding the alleged

infringement was always objectively unreasonable. Contrary to Defendant's objection, Judge Sneed analyzed this argument, as will this court. *See* Doc. 96 at pp. 7-9.

To be objectively baseless, the infringement allegations must be such that no reasonable litigant could reasonably expect success on the merits. *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH,* 524 F.3d 1254, 1260 (Fed. Cir. 2008). However, "[d]efeat of a litigation position, even on summary judgment, does not warrant an automatic finding that the suit was objectively baseless." *Aspex Eyewear Inc. v. Clariti Eyewear, Inc.,* 605 F.3d 1305, 1315 (Fed. Cir. 2010). Rather, all of the circumstances must be considered. *Id.*

Although Plaintiff withdrew its count regarding infringement of Claim 1, there is not a sufficient basis to conclude that Plaintiff maintained an exceptionally weak position in the litigation or that its position was unreasonable merely because it chose to withdraw one of its claims. *See NXP B.V. v. Blackberry, Ltd.,* 58 F. Supp. 3d 1313, 1319 (M.D. Fla. 2014) (finding that the plaintiff's withdrawal of its patent claims during the course of discovery, and prior to filing its amended complaint, was not unreasonable and did not weigh in favor of an exceptional case finding).

Further, although Plaintiff did not ultimately prevail on its claim, a "party's position on issues of law ultimately need not be correct for them to not stand out or be found reasonable." *SFA Sys., LLC v. Newegg Inc.,* 793 F.3d 1344, 1348 (Fed. Cir. 2015). In the same vein, a party's interpretation of its claim—and claim language—need not be correct to be reasonable, as "it is not unusual for parties to offer competing definitions of even the simplest claim language." *QPharma, Inc.,* 360 F.3d at 1301. After consideration of the totality of the circumstances, the Court finds that Plaintiff had a reasonable theory of infringement, and its prosecution of this action was not objectively baseless or in bad faith. *See Biax Corp. v. Nvidia Corp.,* No. 2013-1649, 2015 WL

755940, at *4 (Fed. Cir. Feb. 24, 2015) (finding no basis for an award of attorney's fees when there was nothing unreasonable about the plaintiff's infringement position).

Defendant's objections three through eight are more of form than of substance and relate to its displeasure with Judge Sneed's evaluation of the pre-suit investigation. Judge Sneed spent several pages discussing Defendant's complaints about Plaintiff's pre-suit investigation. *See* Doc. 96 at pp. 4-6.This Court agrees with Judge Sneed that the pre-suit investigation was reasonable – thus rejecting the Defendant's argument that Plaintiff failed to compare the two products "to any meaningful or reasonable degree."

> Defendant's final objection to the R&R is as follows:
>
> Finally, Enhanced Vision objects to the factual and legal conclusions in Section B(3). (R&R at 9). Enhanced Vision does not argue "that this case is exceptional because Plaintiff's motivation for bringing this lawsuit was to burden Defendant." (R&R at 9). Instead, Enhanced Vision argues that Plaintiff's motivation is a factor to be considered – along with all the other factors advanced by Defendant – in finding this an exceptional case.
>
> Plaintiff filed this lawsuit without any warning to Enhanced Vision. The United States Patent and Trademark Office had agreed to a second re-examination of the patent at issue in the first lawsuit after previously finding the patent invalid due to prior art. At the time Plaintiff served this lawsuit on Enhanced Vision, the Court had granted Enhanced Vision's motion to stay the first lawsuit based on the second-reexamination.
>
> The nature of Plaintiff's pre-suit investigation, the timing of the service of the lawsuit and the boilerplate nature of Plaintiff's complaint all support the conclusion that Plaintiff's lawsuit was motivated by an interest to continue burdening Enhanced Vision, a competitor, with patent litigation based on patents of questionable validity and/or applicability. *See Lumen View Tech., LLC v. Findthebest.com, Inc.,* 24 F. Supp. 3d 329, 336 (S.D.N.Y. 2014)(such facts supported a finding of an exceptional case). (Dkt. 83 at 15). This is even more true as Plaintiff's infringement position with respect to all of the claims of the '598 Patent has always been objectively unreasonable.

Doc. 97 at pp. 8-9.

As noted by Defendant, the Plaintiff's motivation in bringing suit is only one factor to be considered in determining whether the case is exceptional. Given that this Court has found that the

7

Plaintiff's claims were not objectively unreasonable, even if the Court agreed with Plaintiff's argument about motivation, the Court would still find that the case is not exceptional under Section 285 of the Patent Act..

Accordingly, it is now

**ORDERED AND ADJUDGED**:

(1)　The Report and Recommendation of the Magistrate Judge (Doc. 96) is adopted, confirmed, and approved in all respects and is made a part of this Order for all purposes, including appellate review.

(2)　Defendant's Motion for Attorney's Fees (Doc. 83) is DENIED.

**DONE AND ORDERED** at Tampa, Florida on May 17, 2016.

Charlene Edwards Honeywell
United States District Judge

Copies to:
The Honorable Julie S. Sneed
Counsel of Record